UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

Eastern District of Kentucky
FILED
APR 17 2025
AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                                       INDICTMENT NO. 3:25CR-05-GFVT-MAS

HOWARD KEITH HALL

\*   \*   \*   \*   \*

**THE GRAND JURY CHARGES:**

## BACKGROUND

1. At all relevant times, **HOWARD KEITH HALL** was the County Attorney of Pike County, Kentucky.

2. At all relevant times, County Attorneys were members of the Kentucky Unified Prosecutorial System, governed and funded by the Prosecutors Advisory Council ("PAC"), based in Frankfort, Kentucky.

3. At all relevant times, County Attorneys had several responsibilities, including attending the District Court, prosecuting criminal cases in the county District Court, attending and representing the fiscal court, collecting delinquent taxes, and handling child support enforcement. In addition, County Attorneys were not prohibited from engaging in the private practice of law, provided they did not act as counsel in any case

against the interests of the county or serve as defense counsel in any criminal prosecution in any state or federal court in Kentucky.

4. At all relevant times, County Attorneys had the authority to make personnel decisions for the County Attorney's Office, including hiring and firing assistant county attorneys and support staff. County Attorneys could appoint an individual to their office, and were required to send an appointment letter on official letterhead when filling any position on the Unified Prosecutorial System payroll. At the end of each pay period, County Attorneys had to complete and sign Payroll Certification forms, certifying that the listed employees fulfilled all duties of their employment, including worked a certain number of hours to maintain full time or part time status. The elected County Attorney was responsible for the accuracy of the certification. At all relevant times, payroll certifications were mailed via United States Postal Service to the PAC in Frankfort, Kentucky.

5. Part time positions within the Unified Prosecutorial System were classified as positions where the employee was required to work, on average, over 100 hours per month on an annual basis. Part time employees qualified for state benefits including health insurance, employer contributions to Medicare and Social Security, and participation in the Kentucky Employees Retirement System.

6. At all relevant times, the Pike County Attorney's Office ("PCAO"), was an agency within the Kentucky Unified Prosecutorial System, and as such, was an agency of the Commonwealth of Kentucky, within the purview of 18 U.S.C. § 666(a)(1) and (d)(2).

7. Between May 1, 2019, and April 30, 2020, the Commonwealth of Kentucky received benefits in excess of $10,000 from the United States government under federal

programs, grants, and subsidies through the Kentucky Unified Prosecutorial System and, as such, was within the purview of 18 U.S.C. § 666(b).

8. Between May 1, 2019, and April 30, 2020, the Pike County Attorney also received more than $10,000 of funds under federal programs, grants, and subsidies through the Pike County Child Support Enforcement Office, an agency within the Kentucky Cabinet for Health and Family Services, and as such, an agency of the Commonwealth of Kentucky, within the purview of 18 U.S.C. § 666(a)(1) and (d)(2).

9. At all relevant times, **HOWARD KEITH HALL**, was the elected County Attorney for Pike County. As County Attorney, **HOWARD KEITH HALL** was an agent of a state government agency within the purview of 18 U.S.C. § 666(a)(1) and (d)(1).

*The Scheme*

10. Attorney A, whose identity is known to the grand jury, was an attorney with a private practice law firm based in Pike County.

11. Beginning on or about October 1, 2010, **HOWARD KEITH HALL** appointed Attorney A as a part time assistant county attorney for Pike County, which required Attorney A to work at least 100 hours per month, on average, for the PCAO. As a part time employee, Attorney A received state benefits including health insurance, employer contributions to Medicare and Social Security, and participation in the Kentucky Employees Retirement System.

12. Attorney A performed almost no work on behalf of the PCAO, did not report to work at the PCAO or the Pike County Child Support Enforcement Office, and other than a handful of times, did not represent the PCAO in court. At no time between October 1,

2010, and May 15, 2020, did Attorney A work more than 100 hours per month on behalf of the PCAO.

13. Beginning on or about October 1, 2010, and continuing through May 15, 2020, **HOWARD KEITH HALL** submitted false payroll certifications to the PAC, every pay period, asserting Attorney A fulfilled his duties as a part time assistant county attorney for Pike County. As a result, between October 1, 2010, and May 31, 2020, Attorney A received a total of $290,140 in gross pay. In addition, Attorney A received employer contributions to Medicare and Social Security, retirement benefits, and health insurance. The total value of salary and benefits, excluding employer contributions to health insurance, received by Attorney A was approximately $440,587.

14. Beginning in or about October 2011, **HOWARD KEITH HALL** claimed to also participate in the private practice of law at Attorney A's law firm. Between on or about October 14, 2011, and October 21, 2020, Attorney A paid **HOWARD KEITH HALL** various payments described as "Distributions," totaling $505,900.

## COUNTS 1 & 2
## 18 U.S.C. § 1341

15. Paragraphs 1 through 14 are realleged and incorporated by reference as if fully set forth herein.

16. Beginning on a date unknown, but no later than January 19, 2016, and continuing through on or about May 15, 2020, in the Eastern District of Kentucky, in Franklin County and Pike County,

**HOWARD KEITH HALL,**

with the intent to defraud, devised and willfully participated in, with knowledge of its fraudulent nature the above-described scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises.

17. On or about the dates listed below, in the Eastern District of Kentucky, for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud and deprive, **HALL** knowingly caused to be delivered by United States Postal Service, the following matters:

**COUNT 1**: Payroll Certification for Pike County, dated April 30, 2020, certifying Attorney A was a part time assistant county attorney for Pike County.

**COUNT 2**: Payroll Certification for Pike County, dated May 15, 2020, certifying Attorney A was a part time assistant county attorney for Pike County.

Each in violation of 18 U.S.C. § 1341.

## COUNT 3
## 18 U.S.C. § 666(a)(1)(A)

18. Paragraphs 1 through 14 are realleged and incorporated by reference as if fully set forth herein.

19. In the one-year period from on or about May 1, 2019, through on or about April 30, 2020, in Franklin County and Pike County, in the Eastern District of Kentucky, and elsewhere,

**HOWARD KEITH HALL**

being an agent of an agency of a state government, said agency receiving more than

$10,000 of federal funds in the same twelve month period under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of federal assistance, knowingly embezzled, stole, obtained by fraud, otherwise without authority knowingly converted to the use of a person not to the rightful owner, and intentionally misapplied property valued at $5,000 or more and owned by and under the care, custody, and control of the Commonwealth of Kentucky: that is, the salary and benefits paid to Attorney A.

All in violation of 18 U.S.C. § 666(a)(1)(A).

## FORFEITURE ALLEGATIONS
## 18 U.S.C. § 981(a)(1)(C)
## 28 U.S.C. § 2461

1. By virtue of the commission of the offenses alleged in Counts 1-3 of the Indictment, **HOWARD KEITH HALL** shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. §§ 666 and/or 1341. Any and all interest that **HOWARD KEITH HALL** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461.

2. The property to be forfeited includes, but is not limited to, the following:

**MONEY JUDGMENT:**
A forfeiture money judgment in an amount representing the proceeds that the Defendant obtained as a result of the violations alleged in this Indictment.

3. If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the

jurisdiction of the court, (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL

███████████████

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

## **PENALTIES**

**COUNTS 1-2:** Not more than 20 years imprisonment, a fine of not more than $250,000 or twice the amount of gross gain or loss, and 3 years supervised release.

**COUNT 3:** Not more than 10 years imprisonment, a fine of not more than $250,000 or twice the amount of gross gain or loss, and 3 years supervised release.

**PLUS:** Mandatory special assessment of $100.

**PLUS:** Restitution, if applicable.