**TGA**

**TrueGuarnieriAyer** LLP

124 Clinton Street

Frankfort, Kentucky 40601

Phone: (502) 605-9900

Fax: (502) 605-9901

www.truelawky.com

writer's e-mail:

gtrue@truelawky.com

May 19, 2025

**VIA EMAIL**

Hon. Kate Smith
Assistant United States Attorney
Office of the United States Attorney
260 W. Vine Street, Suite 300
Lexington, KY 40507-1612

      Re:    *United States v. Howard Keith Hall*
             Case No. 3:25-cr-00005-GFVT-MAS

Dear Ms. Smith:

      I am writing to provide the discovery requests of Howard Keith Hall ("Judge Hall") in the above-referenced matter. Judge Hall hereby requests the production of all discovery materials required to be produced by the government pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), the Jencks Act, 18 U.S.C. § 3500, and Rule 404(b) of the Federal Rules of Evidence. This includes all materials described in Fed. R. Crim. P. 16(a)(1)(A), (B), (C), (D), (E), (F), and (G).

    **A.**  **General Discovery Requests**

        **1.**  **Request for Open File Discovery**

      This letter sets forth a number of requests for specific categories and types of evidence, as set forth below. However, the requests are not intended to be exhaustive. To the contrary, we request that the United States Attorney's Office for the Eastern District of Kentucky ("USAO" or the "government") agree to an "open file" approach to discovery. Among other things, open file discovery will help the parties avoid discovery-related disputes, including disputes related to the government's compliance with its obligations under *Brady v. Maryland*.

        **2.**  **Request for Production of Documents from Entire Prosecution Team**

      We also request that the government conduct a search of the files of the U.S. Department of Justice ("USDOJ"), the Federal Bureau of Investigation ("FBI"), the Office of the Kentucky Attorney General ("OAG"), the Internal Revenue Service ("IRS"), the Pike County Commonwealth's Attorney's Office ("CWAO"), the Pike County Attorney's Office ("PCAO"), the Kentucky Auditor of Public Accounts ("Ky. Auditor"), the Kentucky Judicial Conduct



Hon. Kate Smith
May 19, 2025
Page 2

Commission ("JCC"), the Kentucky Bar Association ("KBA"), and any other government agency likely to possess discoverable material. Please let us know the scope of your search so that we can seek appropriate relief if the search is not sufficiently broad.

### 3. Request for *Brady/Giglio* Materials

The *Brady/Giglio* doctrine requires the prosecution to disclose all exculpatory material and impeachment evidence to a defendant. *Brady*, 373 U.S. at 87; *Jells v. Mitchell*, 538 F.3d 478, 501-02 (6th Cir. 2008); *Schledwitz v. United States*, 169 F.3d 1003, 1011 (6th Cir. 1999) (citing *Giglio*, 405 U.S. at 154–55). Under *Brady*, the government has the "obligation to turn over material that is both favorable to the defendant and material to guilt or punishment." *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994). Accordingly, please produce all documents and other materials that are exculpatory in nature and all documents and other materials that may be relevant to the impeachment of any prosecution witness. Please clearly identify the *Brady/Giglio* materials as such in your production.

### 4. Request for Preservation

We further request that the government take affirmative steps to preserve all documents relating to the following: Shane Hall; Shall Hall law offices; Donald Smith; Glenn Hammond; Glenn Hammond law offices; Clay Mason; the Ky. Auditor; the JCC; the KBA; any alleged aider and abettor; the Indictment in this matter; and any potential witness, including all documents covered by any request in this letter, regardless of whether the government believes they are discoverable. This preservation obligation is not limited to documents obtained from third parties; it also extends to government documents, notes, emails, and other electronically stored information maintained by the government. If you are not willing to preserve all such documents, please notify us immediately so that we may take all necessary steps, including seeking intervention by the Court, to ensure such documents are preserved. *See United States v. Green*, 2008 U.S. Dist. LEXIS 102784 (W.D. Ky. Dec. 19, 2008) (ordering the preservation of investigative materials, including rough notes).

### 5. Request for Prompt Notification of Withheld Materials

We also request that the government provide prompt notification in the event that it has withheld any material on the basis of privilege or grand jury secrecy or for any other reason.



Hon. Kate Smith
May 19, 2025
Page 3

### B. Specifically Enumerated Requests

#### 1. Documents Related to the Government's Case-in-Chief

Rule 16 requires the government to produce documents if the "government intends to use the item in its case-in-chief at trial." Accordingly, please produce every document that the government intends to introduce in its case-in-chief and identify the exhibits that the government intends to introduce in its case-in-chief. *See* Fed. R. Crim. P. 16(a)(1)(E)(ii). This request includes not only those materials that will be marked and offered into evidence, but also those materials that will be relied on or referred to in any way by any witness, including any expert witness called by the government during its case-in-chief. We request that any materials in this category be specifically identified from among the materials produced pursuant to the defendant's Rule 16 and *Brady* requests, both to enable counsel to prepare effectively for trial and to afford Judge Hall an opportunity to move to suppress any evidence the government intends to use in its case-in-chief if suppression is appropriate. Fed. R. Crim. P. 12(b)(2), (b)(3). *See United States v. Meredith*, 2015 U.S Dist. LEXIS 126487, at *2 (W.D. Ky. Sept. 22, 2015) ("The Government also provided Defendant with written directions on finding specific documents, a Discovery Index and color-coded Media Review Index, and orally explained how the Government used search terms in reviewing the documents.")

#### 2. Documents that are Material to Preparing the Defense

Rule 16 also requires the prosecution to produce any item that "is material to preparing the defense." *See* Fed. R. Crim. P. 16(a)(1)(E)(i). Because they are in the government's possession and are "material to preparing the defense," please provide the following documents or information listed below. To the extent any of this information is listed in government reports that are not required to be produced at this time, please transpose the information and provide it to us.

a. All documents related to any audit activity by the Kentucky Auditor of Public Accounts or any other audit activity related to the Pike County Attorney's Office related to the time period of the Indictment (October 2010 through May 2020).

b. Any information gathered by the government as to attempts by Judge Hall or the Pike County Attorney's Office to comply with an regulations, guidelines, or other guidance as to the management, reporting, or control of county attorney offices during the period of the Indictment (October 2010 through May 2020).

c. Any information gathered by the government as to the good faith, general honesty, generosity or good character of Judge Hall.



Hon. Kate Smith
May 19, 2025
Page 4

    d. All documents related to Judge Hall and any supposed aider and abettor.

    e. Any and all communications between and among the USDOJ, FBI, OAG, IRS, CWAO, PCAO, Ky. Auditor, JCC, KBA, and any other government agency, regarding or related to Judge Hall or any putative aider and abettor.

    f. The name, last known address, and telephone number of each prospective government witness.

    g. The name, last known address, and telephone number of each witness to the offenses charged who was interviewed by the government but will not be called as a government witness.

    h. The name, last known address, and telephone number of each unindicted aider and abettor.

### C. Expert Witnesses and Reports of Examinations and Tests

The government must provide any discovery concerning any expert it intends to use at trial. Please disclose the names and identities of expert witnesses the government intends to call at trial, their qualifications, the subject of their testimony, and any reports, test results, examinations, or experiments which are material to the preparation of the defense or that are intended for use by the government as evidence during its case-in-chief at trial. Please also disclose a written summary of any testimony that the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. Fed. R. Crim. P. 16(a)(1)(F), (G).

### D. Suppression Issues

Pursuant to Federal Rule of Criminal Procedure 12(b)(4)(B), as a predicate to motions under Federal Rule of Criminal Procedure 12, please identify every exhibit the government intends to introduce at trial and disclose the following:

    1. Whether the government intends to offer into evidence any statement made by Judge Hall or any current or former counsel (or any agent of counsel) for Judge Hall, and the substance of any such statement. Fed. R. Evid. 801(d)(2)(A).

    2. Whether the government intends to offer into evidence any statement which the government contends would be admissible against Judge Hall pursuant to Fed. R. Evid. 801(d)(2)(B, C, D, or E).



Hon. Kate Smith
May 19, 2025
Page 5

3. Whether any evidence or information in the government's possession, custody, or control constitutes or was derived from communications between Judge Hall and any current or former counsel (or any agent of counsel) for Judge Hall, and the substance of such evidence or information.

4. Whether any evidence or information in the government's possession, custody, or control was obtained by a search and seizure conducted by the government, and a description of such evidence or information. Please provide copies of any and all documents and photographs seized through any such search.

5. Whether any evidence or information in the government's possession, custody, or control was obtained through (a) electronic or mechanical surveillance, including but not limited to wiretaps, video recording, body wires, pen registers, or surveillance of telephone calls; (b) the use of a beeper or other tracking device; or (c) a mail cover or trash cover. Please provide copies of such evidence or information.

6. Whether the government used any informant or undercover agent during its investigation of the charges in the Indictment or any related allegations and the identity of any such informant or agent. *Roviaro v. United States*, 353 U.S. 53, 64-65 (1957).

7. Copies of all warrants applied for during the course of the government's investigation of this matter, continuing through the present, including but not limited to search warrants and arrest warrants, whether granted or denied, and whether issued by a federal, state, or local government entity, as well as the affidavits supporting such search warrants or search warrant applications.

8. For *in camera* review by the Court of any and all personnel files of all law enforcement witnesses whom the government intends to call at trial, including but not limited to any records of employment discipline or sanction.

### E. Fed. R. Evid. 404(b)

Pursuant to the Fifth and Sixth Amendments and Federal Rule of Evidence 404(b), please disclose all evidence of any similar crimes, wrongs, or acts allegedly committed by Judge Hall or any alleged aider or abettor or co-conspirator, upon which the government intends to rely to prove motive, scheme, opportunity, intent, preparation, knowledge, absence of mistake or accident, or any other issue under Rule 404(b).



Hon. Kate Smith
May 19, 2025
Page 6

### F. Intrinsic Evidence

Pursuant to the Fifth and Sixth Amendments, please disclose any evidence intrinsic to the offenses charged, whether allegedly committed by Judge Hall, any aider and abettor, or any co-conspirator, upon which the government intends to rely at trial.

### G. Grand Jury Instructions

Provide the instructions provided to the Grand Jury for considering the evidence and determining the sufficiency of the evidence.

*   *   *   *   *

We ask that you respond and state your position with respect to these issues as soon as possible. Given that the government has been investigating the activities of Judge Hall for a period of time, we expect that much of the information that must be provided in response to these requests will be readily accessible to you. Your prompt response is important because it will permit Judge Hall to raise any outstanding or disputed discovery requests with you, and with the Court if necessary. We reserve the right to supplement these requests as we continue our trial preparation.

Thank you for your timely consideration of and response to these matters.

Very truly yours,

TRUE GUARNIERI AYER, LLP

J. Guthrie True