UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>HOWARD KEITH HALL, )<br> )<br>   Defendant. )<br> ) | Case No. 3:25-cr-00005-GFVT-MAS<br><br>**ORDER** |

*** *** *** ***

This matter is before the Court on Defendant Hall's Motion to Continue Trial, Declare Case Complex, and Reset Pretrial Deadlines. [R. 16.] During a telephonic conference in this matter, the Court conferred with defense counsel and the United States regarding Mr. Hall's request to continue. [R. 17.] Following the conference, the Court granted Defendant Hall's request to continue trial. [R. 18.] However, the Court deferred a ruling as to whether the case should be declared complex. During the telephonic conference, the United States expressed its position that this case does not qualify as complex within the meaning of 18 U.S.C. § 3161.

The Court has determined that this case should be declared complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). A case is to be declared complex when it "is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits" imposed by the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii). In light of the voluminous discovery, as well as the time frame

involved in this case, the case will be deemed complex. *See id*. The Indictment in this case covers a time frame of approximately ten years. [R. 1.] Further, defense counsel explains that "the government has produced the first tranche of discovery in this matter consisting of 31,178 pages and approximately 3,800 separate documents." [R. 16.] Counsel advises that "[t]his production does not include any 302s, witness statements, or grand jury testimony." *Id.* The Court agrees that this is sufficient to warrant a finding of complexity. *See*, *e.g.*, *United States v. Marlow*, No. 3:18-CR-6-TWP-DCP, 2018 WL 1702897, at *2 (E.D. Tenn. Apr. 6, 2018) (voluminous discovery and Indictment's two-year time frame favored a finding of complexity). Accordingly, the Court having considered the record and being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendant's Motion **[R. 16]** is **GRANTED**; and
2. This trial is declared complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

This the 1st day of July, 2025.

Gregory F. Van Tatenhove
United States District Judge