UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

**CRIMINAL ACTION NO. 3:25-CR-5-GFVT-MAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| V. | **UNITED STATES'S OPPOSITION TO <u>DEFENDANT'S MOTION *IN LIMINE*</u>** |
| **HOWARD KEITH HALL** | **DEFENDANT** |

\* \* \* \* \*

This Court should deny the Defendant's motion *in limine* to exclude evidence of other individuals on the Pike County Attorney's Office ("PCAO") payroll. Docket Entry ("DE") 40: Motion *in Limine*. As set forth more fully below, the evidence identified in the United States's Rule 404(b) Notice is predominantly *res gestae* evidence that is not subject to the strictures of Rule 404(b). The evidence involves the same witnesses and same records that the United States would use to prove the Defendant's pending charges. Assuming Rule 404(b) does apply, the evidence is not propensity evidence but rather proof of motive, opportunity, intent, preparation, plan, knowledge, absence of mistake, or lack of accident concerning the crimes charged in the indictment. Its admission will permit the jury to hear a complete and accurate recitation of the Defendant's scheme and fairly evaluate the critical issue of his intent.

1

## BACKGROUND

The Defendant, Howard Keith Hall, has been an elected public official for more than two decades. A federal grand jury indicted him of two counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of federal program fraud, in violation of 18 U.S.C. § 666(a)(1)(A), stemming from his time as the Pike County Attorney. DE 1: Indictment. The indictment alleges that he employed someone who did essentially no work for the Pike County Attorney's Office. *Id.* ¶ 11. As part of the scheme, Attorney A received a salary and benefits, and the Defendant received distributions from Attorney A's private law firm. *Id.* ¶¶ 11-14.

The investigation determined that the Defendant also employed two other individuals who did little or no work for the PCAO. A family member of the Defendant's, C.H., was employed as a part-time legal secretary for the PCAO for many years, but did not work a set schedule and performed little work for the PCAO. *See* DE 26 at 2. He began employment with the PCAO in 2014, was removed from the payroll in October 2017, and went back on the payroll on October 2018, and removed in June 2020.[1] *See* Exhibit A (personnel records). Witnesses stated, and records corroborate, that C.H. would be removed from the payroll around election time. As reflected in the payroll certifications and personnel records, C.H. was removed from the PCAO payroll at

---

[1] The Defendant incorrectly states C.H. began employment in January 2016, based on the payroll certifications. His personnel records reflect that he began employment in 2014; the payroll certifications were not maintained by the PAC prior to 2016.

approximately the same time Attorney A was removed from the PCAO payroll. *See* Exhibit B (email listing PCAO employment changes from 2020).

Additionally, witnesses will testify that support staff at the PCAO had to be in the office from 8:30 am to 4:30 pm, and that the Defendant mandated that the office was open to the public and properly staffed to receive complaints from the public during those hours. Support staff would coordinate to insure there was coverage. C.H., as a part time legal secretary, should have been included in that obligation, but colleagues never knew when he would come to work, and when present, would spend his time watching tv. Witnesses will further testify that they complained to the Defendant about the employment of C.H., when nothing was expected of him.

In addition, a candidate for family court judge, J.H., received payments from the PCAO in 2019 despite doing little to no work for the PCAO. *See* DE 26 at 2. Witnesses stated that the Defendant wanted to support J.H.'s campaign but did not want to contribute to his campaign directly, so instead put him on the PCAO payroll. J.H. was not added to the PAC payroll but instead received approximately $3,000 a month in routine payments from a PCAO bank account, between July 31, 2019, and November 1, 2019. *See* Exhibit C (checks to J.H.). Those payments stopped after J.H. lost the general election in November 2019.

The United States provided notice of this *res gestae* evidence on August 26, 2025, well in advance of trial. DE 11-1: Standing Pretrial and Trial Management Order at ¶ 5. Out of an abundance of caution, the United States noticed this evidence as proof of the

Defendant's motive, opportunity, intent, preparation, plan, knowledge, absence of mistake, or lack of accident.

## ARGUMENT

### I. The Evidence is Intrinsic

It is well-established that "Rule 404(b) is not applicable where the challenged evidence is 'inextricably intertwined' with evidence of the crime charged." *United States v. Everett*, 270 F.3d 986, 992 (6th Cir. 2001). This sort of "background evidence" is proper when it "has a causal, temporal or spatial connection with the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). "[Such] evidence may include evidence that is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense." *United States v. Grooms*, 566 F. App'x 485, 491 (6th Cir. 2014) (internal quotation marks omitted); *United States Martinez*, 430 F.3d 317, 335 (6th Cir. 2005). By contrast, extrinsic acts "are those that occurred in different times and under different circumstances from the offense charged." *United States v. Kessinger*, 641 F. App'x 500, 507 (6th Cir. 2016) (internal quotation and citation omitted). As with all evidence, the probative value of *res gestae* evidence cannot be substantially outweighed by the danger of unfair prejudice under Rule 403. *Kessinger*, 641 F. App'x at 508.

The evidence outlined in the United States's notice, described above, could hardly be more closely connected to the charged offense. The Defendant's conduct concerning J.H. and C.H. occurred at the same time as the charged offense, under the same

4

circumstances as the charged offense, and is directly probative of the Defendant's intent to commit the charged offense. The evidence at issue demonstrates a continuing effort by the Defendant to use the Pike County Attorney's Office payroll as a personal piggy bank to provide unearned paychecks to a family member and falsely certify to the PAC that this individual was working. His removal of this individual from the payroll during election time also reflects consciousness of wrongdoing, and an awareness that employing an individual who did not work a set schedule was not appropriate. The fact that employees complained about this individual not working goes directly to the Defendant's knowledge and intent that such conduct was wrong. Similarly, the Defendant's use of PCAO funds to support a candidate for public office with a paycheck is admissible for the same reasons. These employment actions are very similar to the payment arrangement charged in the indictment, occurring during the same time frame alleged in the indictment. This evidence goes directly to the Defendant's knowledge and intent, which is expected to be a central issue at trial.

    The Defendant tries to parse the timeframes to claim these events were temporally distinct from the alleged conduct. Motion at 5. Both individuals were employed directly in the timeframe at issue in the Indictment. Further, the termination of C.H. closely mirrors the conclusion of Attorney A's employment, whereby both individuals were first reduced to the same salary and then removed from the payroll entirely. *See* Exhibit B (email listing PCAO employment changes from 2020). Such coordination shows the Defendant's awareness their employment was inappropriate and an effort to conceal their employment by reducing, and ultimately removing, their salaries from the payroll before

5

running for Circuit Court Judge. The proffered evidence "is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense." *Grooms*, 566 F. App'x at 491.

## II.   Alternatively, the Evidence is Admissible Under Rule 404(b)

Assuming, for the sake of argument, that the above-referenced evidence is not proper background evidence or *res gestae*, it is still admissible under Rule 404(b) to show the Defendant's motive, opportunity, intent, preparation, plan, knowledge, absence of mistake, or lack of accident. Rule 404(b) provides, in relevant part, that:

> [e]vidence of a crime, wrongs or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). "In determining whether to admit 'other acts' evidence under 404(b), district court must consider (1) 'whether there is sufficient evidence that the other act in question actually occurred;' (2) 'whether the evidence of the other act is probative of a material issue other than character;' and (3) 'whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.'" *United States v. Emmons*, 8 F.4th 454, 474 (6th Cir. 2021) (citing *United States v. Clay*, 667 F.3d 689, 693–94 (6th Cir. 2012) and quoting *Hardy*, 228 F.3d at 750). While some "substantiation" of the other acts is required, the United States does not need to prove

6

they occurred by a preponderance of the evidence. *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008) (citing *Huddleston v. United States*, 485 U.S. 681, 689 (1988)).

Where the United States is required to show that the defendant acted with intent to defraud, evidence of prior or similar fraud schemes is admissible to show intent, knowledge, or the absence of mistake. *See United States v. English*, 785 F.3d 1052, 1055-56 (6th Cir. 2015) (admitting evidence of defendant's involvement in prior health care fraud schemes to show knowledge); *United States v. De Oleo*, 697 F.3d 338, 343-44 (6th Cir. 2012) (same); *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994) ("Where there is thrust upon the government, either by virtue of the defense raised by the defendant or by virtue of the elements of the crime charged, the affirmative duty to prove that the underlying prohibited act was done with a specific criminal intent, other acts evidence may be introduced under Rule 404(b)."). For other acts evidence to be probative of intent, "they must be substantially similar and reasonably near in time to the intent offense at hand." *United States v. Sandoval*, 460 F. App'x 552, 564 (6th Cir. 2012) (internal citations omitted).

    a. **The Other Acts Occurred**

The Defendant does not dispute that the employment of C.H. and J.H. occurred. Motion at 7; *see* Exhibits A (employment records of C.H.) and C (payments to J.H.). Nor does he dispute that J.H. was a candidate for family court judge at the same time he was on the payroll, or that C.H. came off the PCAO payroll contemporaneous with Attorney A. *See* Exhibit B. Rather, he asserts that any evidence of how little they worked would be inadmissible or stem from witnesses who were not "in any managerial role." Motion

7

at 7. But witnesses do not need to have held a managerial role in order to offer admissible evidence of their first-hand observations regarding the presence, absence, or productivity of a purported co-worker. The same personnel records, financial records, and witness testimony to establish the charged conduct will establish the wasteful and illegitimate employment of two others. The Defendant also threatens that admission of this information would "lengthen the trial unnecessarily." Motion at 8. That is unlikely to occur for the reason stated above; moreover, whether certain evidence lengthens a trial has absolutely nothing to do with whether the other acts occurred. They did occur, and the government satisfies this prong of Rule 404(b) admissibility.

### b. **The Evidence is Probative of a Material Issue Other Than Character**

As for the evidence's probative value, "[e]vidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *Emmons*, 8 F.4th at 474 (6th Cir. 2021) (citing *United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002)).

The Defendant's ability to use the Pike County Attorney's Office payroll to provide unearned paychecks to a family member and falsely certify to the PAC that this individual was working is directly probative of the crime charged. In the confines of Rule 404(b), it is probative of the Defendant's motive, opportunity, intent, preparation,

plan, knowledge, absence of mistake, or lack of accident.[2] Evidence of the employment of these other individuals goes to the Defendant's motive, to use the PCAO payroll for his own gain – whether financial, familial, or political. It demonstrates his opportunity, preparation, and plan to control the payroll as he wished. It demonstrates his absence of mistake or lack of accident in falsely certifying every pay period that Attorney A and C.H. were fulfilling their duties as part-time employees of the PCAO.[3] Finally, the proffered evidence goes to his intent and knowledge, as the events were contemporaneous with the charged conduct and speak directly to his intent to defraud with respect to using the PCAO payroll for his personal gain. Each of these factors are probative of a material issue of the case proceeding to trial.

"[W]hen using 404(b) evidence to show specific intent it is not necessary ... that the crimes be identical in every detail, but the prior acts [should be] part of the same scheme or involve[ ] a similar *modus operandi* as the present offense." *United States v. Emmons*, 8 F.4th 454, 475 (6th Cir. 2021) (citations and quotations omitted). These events do just that, demonstrating the Defendant's willingness to use the PCAO payroll to curry political favor or employ family members. Further, "[e]vidence showing that a defendant formed a particular intent on a prior occasion may provide insight into his state of mind when he committed the charged offense, in particular where the evidence shows

---

[2] Contrary to the Defendant's assertion that all bases for admissibility under Rule 404(b) were asserted, Motion at 8, the United States does not assert the evidence is probative of identity, which is not in dispute.

[3] J.H. is not implicated in the payroll certifications as he was not on the PAC payroll but rather received checks directly from a PCAO account. *See* Exhibit C.

9

that the defendant took similar actions in a similar situation." *Id.* (citations and quotations omitted). The noticed evidence is probative of several material issues other than character and should be ruled admissible.

### c. The Probative Value of the Evidence is Not Substantially Outweighed by its Potential Prejudicial Effect

"As relevant to the analysis of other acts under Rule 404(b) and the balancing test under Rule 403, '[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *Emmons*, 8 F.4th at 476–77 (quoting Fed. R. Evid. 403). "[T]he term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged, such as "generalizing a defendant's earlier bad act into bad character and taking that as raising the odds that he did the latter bad act now charged (or, worse, as calling for preventive conviction even if he should happen to be innocent momentarily)." *Id.* (citing *Bell*, 516 F.3d at 444–45 and quoting *Old Chief v. United States*, 519 U.S. 172, 180–81 (1997)). "The [balancing] test is strongly weighted towards admission" and "a litigant who makes a Rule 403 challenge faces a steep hill." *United States v. Householder*, 137 F.4th 454, 489 (6th Cir. 2025).

The probative value of the Rule 404(b) evidence regarding these other individuals is not substantially outweighed by the danger of unfair prejudice to the Defendant. It is anticipated that the Defendant's knowledge and intent of his actions will be central issues

10

of this trial. Thus, any evidence as to Defendant's true intentions is highly probative. To the extent there is potential prejudice, it can be mitigated by a limiting instruction. *United States v. English*, 785 F.3d 1052, 1055 (6th Cir. 2015). Accordingly, any danger of unfair prejudice, while possible, does not outweigh the considerable probative value of this evidence at all, let alone *substantially* outweigh it as required to overcome Rule 403's strong preference for admissibility. *Churn*, 800 F.3d at 779; *Householder*, 137 F.4th at 489.

## CONCLUSION

For the foregoing reasons, the United States respectfully asks that the Court deny the Defendant's motion *in limine* and rule that the noticed evidence is admissible as *res gestae* or background evidence, or, alternatively, as evidence of the Defendant's motive, opportunity, intent, preparation, plan, knowledge, absence of mistake, or lack of accident pursuant to Rule 404(b).

Respectfully submitted,

PAUL C. MCCAFFREY
ACTING UNITED STATES ATTORNEY

By:   /s/ Kate K. Smith
      Kate K. Smith
      Assistant United States Attorney
      260 W. Vine Street, Suite 300
      Lexington, Kentucky 40507-1612
      (859) 685-4855
      FAX (859) 233-2747
      kate.smith@usdoj.gov

## CERTIFICATE OF SERVICE

On October 27, 2025, I electronically filed this document through the ECF system, which will send notice to counsel of record.

/s/ Kate K. Smith
Assistant United States Attorney