# Exhibit A

**TrueGuarnieriAyer** LLP

124 Clinton Street

Frankfort, Kentucky 40601

Phone: (502) 605-9900

Fax: (502) 605-9901

www.truelawky.com

writer's e-mail:

gtrue@truelawky.com

October 14, 2025

**VIA EMAIL**

Hon. Kate Smith
Assistant United States Attorney
Office of the United States Attorney
260 W. Vine Street, Suite 300
Lexington, KY 40507-1612

    Re:    *United States v. Howard Keith Hall*
               **Case No. 3:25-cr-00005-GFVT-MAS**

Dear Kate:

On behalf of the defendant, Howard Keith Hall, in accordance with Federal Rule of Criminal Procedure 16(b)(1)(C), I am writing to provide notice concerning an individual who may offer hybrid opinion testimony under Rule 702 at the trial in this matter. The defendant anticipates that this witness will provide fact testimony, but out of an abundance of caution, the defendant gives notice that the witness may offer testimony that could be considered Rule 702 opinion testimony, given their areas of training and expertise.

Attached hereto is the disclosure concerning potential Rule 702 testimony from Harold Mac Johns. The disclosure contains Mr. Johns' qualifications and the anticipated areas of testimony. Mr. Johns has not given any testimony in the previous four years as an expert at trial or by deposition.

Should you have any questions or concerns regarding these matters, do not hesitate to contact me.

Very truly yours,

TRUE GUARNIERI AYER, LLP

J. Guthrie True

## HAROLD MAC JOHNS EXPERT DISCLOSURE

### Qualifications

- Practicing attorney since 1982
- Continuously maintained a private law practice in Elkton, Todd County, Kentucky since 1982
- Served as Todd County Attorney from January 1990 to September 30, 2018
- Served on the Prosecutors Advisory Council from 1997 to 2004
- Named Outstanding County Attorney in 2000
- President of Kentucky County Attorneys Association, 2003 to 2004
- Managed both the Todd County and the Christian County Child Support Enforcement Programs
- Appointed Special Justice of the Kentucky Supreme Court, 2020
- Currently Senior Counsel with English, Lucas, Priest & Owsley, LLP
- Served on Board of Directors of Kentucky County Attorney Association

### Anticipated Testimony/Opinions

Mr. Johns will address the following areas or topics based on his long years of experience as a County Attorney who also maintained a private practice in a rural county and as a former member of the Prosecutors Advisory Council ("PAC"):

- Will explain the various responsibilities of the County Attorney's office, including but not limited to coverage of various court dockets, Fiscal Court, and Child Support Enforcement.

- Will explain the bi-furcated prosecutorial (*i.e.*, full-time and part-time) system used in Kentucky for County Attorney offices.

- Will address the statutory duties of an Assistant County Attorney as set out in KRS 69.300 (before 2024), *to wit*:

   "The assistant county attorneys shall reside in the county in which the county attorney is elected, or within thirty (30) miles of the county line, or in a contiguous county and shall be attorneys licensed to practice in the Commonwealth, and shall have the same powers and perform the same duties that county attorneys have and perform, except that they shall be under the direction and control of the county attorney."

- Will address the discretion vested in the County Attorney as a constitutional officer and by the language of KRS 69.300 (Assistant County Attorneys "shall be under the direction and control of the county attorney"), including but not limited to:

1

- ➢ All employees of the County Attorney's office are at-will employees.
- ➢ The employees of the County Attorney's office are not covered by the merit system, nor are they covered by the provisions of KRS Chapter 18A, so they are not typical state employees.
- ➢ Since employees of the County Attorney serve at the pleasure of the County Attorney, the PAC needs confirmation of the persons employed from the County Attorney's office every payroll period.
- ➢ That County Attorneys have discretion as to how and how much they use their Assistant County Attorneys, the fact that there is no minimum required number of hours per week, per month or per year that an Assistant County Attorney must work, but that assistants need only be available to the County Attorney as needed.

- Will address private law practice by County Attorneys and Assistant County Attorneys, including but not limited to:
    - ➢ That County Attorneys are authorized by Kentucky Revised Statute to maintain a private law practice while also serving as County Attorney.
    - ➢ That Assistant County Attorneys are authorized by Kentucky Revised Statute to maintain a private law practice while also serving as Assistant County Attorney.
    - ➢ That County Attorneys who maintain a private law practice are permitted to employ their law partners or associate attorneys from their private law practice as Assistant County Attorneys.
    - ➢ That all of the above are common practice in Kentucky, and particularly so in rural counties.

- Will address the role of Assistant County Attorneys in rural counties and the variety of ways in which they function and are used by the County Attorneys.

- Will address the private practice relationship between Howard Keith Hall and Michael Shane Hall, including the compensation arrangement, and explain that the relationship is common in the practice of law.

- Will explain that County Attorneys are not required to maintain an office in the county courthouse; that many Fiscal Courts do not provide office space for the County Attorney; that it is quite usual for the County Attorney to operate from his/her private law office and some counties pay rent to the law firm for use of the County Attorney's private office space.

- Will explain the sources of funding to County Attorney offices, including, PAC funding, Fiscal Court funding, delinquent tax collections, and the state/federal sources of funding.

2

- Will explain that it is typical for County Attorney staff (Assistant County Attorneys, secretaries, etc.) whose salaries are partially paid through the PAC to receive supplements to their salaries from other sources such as delinquent tax collections.

- Will address the PAC Payroll Certification forms, their intended purpose, any representations made by the forms, and his experience with the forms.

- Will address particular allegations of the Indictment, including but not limited to: (i) that "Part time positions within the Unified Prosecutorial System were classified as positions where the employee was required to work, on average, over 100 hours per month on an annual basis," (ii) that "Attorney A" was "required" to work "at least 100 hours per month, on average, for the" Pike County Attorney's Office, and (iii) that the Payroll Certifications falsely certified that "Attorney A fulfilled his duties as a part time assistant county attorney for Pike County."

- Will address that County Attorneys, Assistant County Attorneys, and the other staff of the office have not historically been required to complete daily or weekly time sheets/records by law or by the PAC; that he never required his assistants or staff to complete time sheets/records; that the PAC Payroll Certification forms are not time sheets/records.

- Will address the audit of select County Attorney offices (including Pike and Todd counties) covering activity during the period between July 1, 2017 and June 30, 2019.

- Will address the Child Support Enforcement funding and the separate nature of that funding, different and distinct aspects of that funding including Child Support funding cannot be utilized for prosecutorial or Fiscal Court duties.

- Other issues or topics that may arise from the government's case-in-chief

*(signature)*
Harold Mac Johns

10-14-2025
Date

3