UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:25-cr-00005-GFVT-MAS

HOWARD KEITH HALL,

    *Defendant.*

_____

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**
_____

       Comes the defendant, Howard Keith Hall, by counsel, and tenders the attached proposed jury instructions.  The defendant reserves the right to supplement, amend, substitute, delete instructions, or completely withdraw any or all instructions, from these proposed jury instructions at any time up until the actual instruction of the jury.

       Respectfully submitted,

       TRUE GUARNIERI AYER, LLP

        _/s/ J. Guthrie True_____
       J. Guthrie True
       M. Abigail Schueler
       124 Clinton Street
       Frankfort, KY  40601
       Telephone: (502) 605-9900
       Facsimile: (502) 605-9901
       E-mail: gtrue@truelawky.com

       Counsel for Defendant, Howard Keith Hall

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been served on all counsel of record this 31st day of October, 2025, by filing a copy of the same with the Electronic Court Filing System of the United States District Court for the Eastern District of Kentucky.

/s/ J. Guthrie True
Counsel for Defendant, Howard Keith Hall

<u>DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 1</u>

<u>INTRODUCTION</u>

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain the defendant's position.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

<u>Pattern Jury Instructions, Sixth Circuit</u>, § 1.01 (2023).

DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 2

JURORS' DUTIES

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Pattern Jury Instructions, Sixth Circuit, § 1.02 (2023).

## DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 3

### PRESUMPTION OF INNOCENCE
### BURDEN OF PROOF
### REASONABLE DOUBT

As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are

convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

Pattern Jury Instructions, Sixth Circuit, §1.03 (2023).

## DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 4

### EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; [the stipulations that the lawyers agreed to]; [and the facts that I have judicially noticed].

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Pattern Jury Instructions, Sixth Circuit, §1.04 (2023).

<u>DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 5</u>

<u>CONSIDERATION OF EVIDENCE</u>

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

<u>Pattern Jury Instructions, Sixth Circuit</u>, §1.05 (2023).

<u>DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 6</u>

<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

<u>Pattern Jury Instructions, Sixth Circuit</u>, §1.06 (2023).

<u>DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 7</u>

<u>CREDIBILITY OF WITNESSES</u>

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)    Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B)    Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)    Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)    Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E)    Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F)    Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)     And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

Pattern Jury Instructions, Sixth Circuit, §1.07 (2023).

## DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 8

## NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testify makes any difference.

Do not make decisions based on the number of witnesses who testified.  What is more important is how believable they were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

Pattern Jury Instructions, Sixth Circuit, §1.08 (2023).

## DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 9

## LAWYERS' OBJECTIONS

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

Pattern Jury Instructions, Sixth Circuit, §1.09 (2023).

## DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 10

## INTRODUCTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

Pattern Jury Instructions, Sixth Circuit, §2.01 (2023).

14

<u>DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 11</u>

I am instructing you as a matter of law that the duties of an Assistant County Attorney are established by statute in Kentucky. The statute describes the duties of Assistant County Attorney as follows:

> The assistant county attorneys shall reside in the county in which the county attorney is elected, or within thirty (30) miles of the county line, or in a contiguous county and shall be attorneys licensed to practice in the Commonwealth, and shall have the same powers and perform the same duties that county attorneys have and perform, except that they shall be under the direction and control of the county attorney.

> I am instructing you that this is the law in Kentucky and you must accept this legal principle as fact.

Source: KRS § 69.300

<u>DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 12</u>

I am instructing you as a matter of law that it is legal and proper for a County Attorney to maintain a private law practice while also serving as County Attorney.  Kentucky law expressly authorizes this.

I am instructing you as a matter of law that it is legal and proper for an Assistant County Attorney to maintain a private law practice while also serving as Assistant County Attorney. Kentucky law expressly authorizes this.

I am instructing you as a matter of law that it is legal and proper for a County Attorney and an Assistant County Attorney to affiliate in a private law practice together while they are also serving as County Attorney and Assistant County Attorney.  Kentucky law expressly authorizes this.

I am instructing you as a matter of law that it is legal and proper for lawyers, whether they are in a private law practice together or in separate private law practices, to share legal fees from cases.

I am instructing you that this is the law in Kentucky and you must accept these legal principles as fact.

Source: KRS §§ 15.765(4) (County Attorneys); 15.770(3) (Assistant County Attorneys)

<u>DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 13</u>

<u>18 U.S.C § 1341</u>

(1)     Counts 1 and 2 of the Indictment charge the defendant with mail fraud. For you to find the defendant guilty of mail fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)     First, that the defendant devised a scheme to defraud in order to obtain money or property, that is, that in order to obtain money or property the defendant knowingly caused to be delivered to the Prosecutors Advisory Council payroll certifications dated April 30, 2020 (for Count 1) and May 15, 2020 (for Count 2), that falsely certified Shane Hall's work hours as an assistant county attorney for Pike County;

(B)     Second, that the scheme included a material misrepresentation or concealment of a material fact;

(C)     Third, that the defendant had the intent to defraud; and

(D)     Fourth, that the defendant used the mail in furtherance of the scheme.

(2)     Now I will give you more detailed instructions on some of these terms.

(A)     A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

(B)     The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

(C)      An act is "knowingly" done if done voluntarily and intentionally, and not because of mistake or some other innocent reason.

(D)      A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

(E)      To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of depriving another of money or property.

(F)      To "cause" the mail to be used is to do an act with knowledge that the use of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen.

(3)      If you are convinced that the government has proved all of the elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements, then you must find the defendant not guilty of this charge.

Pattern Jury Instructions, Sixth Circuit, §10.01 (2023).

## DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 14

## GOOD FAITH DEFENSE

The good faith of Mr. Hall is a complete defense to the charge of mail fraud charged in Counts 1 and 2 of the Indictment. This is because good faith on the part of Mr. Hall, is, simply, inconsistent with an intent to defraud.

A person who acts, or causes another person to act, on a belief or an opinion honestly held, is not punishable for fraud merely because the belief or opinion turns out to be inaccurate, incorrect or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

The burden of proving good faith does not rest with Mr. Hall because Mr. Hall does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that Mr. Hall acted with an intent to defraud.

If the evidence in this case leaves you with a reasonable doubt as to whether Mr. Hall acted with an intent to defraud or whether he acted in good faith, you must find Mr. Hall not guilty on Counts 1 and 2.

Pattern Jury Instructions, Sixth Circuit, § 10.04 (2023).

DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 15

18 U.S.C. § 666

Count 3 of the of the Indictment charges the defendant with unlawfully converting property from a federally funded program, which is a violation of federal law.

The defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(A) That during the period May 1, 2019 through April 30, 2020, the defendant was an agent of the Prosecutors Advisory Council;

(B) That in the one-year period from May 1, 2019 through April 30, 2020, the Prosecutors Advisory Council received federal benefits in excess of $10,000;

(C) That the defendant knowingly converted to Shane Hall property of which Shane Hall was not the rightful owner;

(D) That the property knowingly converted was owned by and in the care, custody or control of the Prosecutors Advisory Council; and

(E) That the value of the property knowingly converted was at least $5,000.

I will now explain each of these five elements in more detail.

Derived from Pattern Jury Instructions, Third Circuit, § 6.18.666A1A; Pattern Jury Instructions, Eleventh Circuit, § 24.1 (2025).

<u>DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 16</u>

<u>AGENT</u>

The first element the government must prove beyond a reasonable doubt under Count 3 is that during the period May 1, 2019 through April 30, 2020, Mr. Hall was an agent of the Prosecutors Advisory Council.

An "agent" is a person authorized to act on behalf of another person, organization or government. Employees, partners, directors, officers, managers, and representatives are all agents of the organization or government with which they are associated.

Derived from <u>Pattern Jury Instructions, Third Circuit</u>, § 6.18.666A1A-1.

<u>DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 17</u>

<u>FEDERAL FUNDS</u>

The second element the government must prove beyond a reasonable doubt under Count 3 is that in a one-year period, the Prosecutors Advisory Council received federal benefits in excess of $10,000.

To prove this element, the government must prove that the Prosecutors Advisory Council received, during the one-year period beginning May 1, 2019 through April 30, 2020, benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or some other form of federal assistance.

If some of the funds paid to the Prosecutors Advisory Council originated with the federal government and some from the state government, it is for you to determine which were federal benefits and whether those federal benefits were in excess of $10,000.

Derived from <u>Pattern Jury Instructions, Third Circuit</u>, § 6.18.666A1A-2.

## DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 18

## CONVERTED

The third element the government must prove beyond a reasonable doubt under Count 3 is that Mr. Hall knowingly converted property.

To knowingly convert money or property means to knowingly appropriate or use such money or property without proper authority for the benefit of oneself or any other person who was not the rightful owner with the intent to deprive the rightful owner of the money or property.

Pattern Jury Instructions, Third Circuit, § 6.18.666A1A-3.

DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 19

CARE, CUSTODY, CONTROL

The fourth element the government must prove beyond a reasonable doubt under Count 3 is that the property knowingly converted was in the care, custody, or control of the Prosecutors Advisory Council.

Although the words "care," "custody," and "control" have slightly different meanings, for the purposes of this element they express a similar idea. That is that the Prosecutors Advisory Council had control over and responsibility for the property even though it was not the actual owner of the property at the time of Mr. Hall's alleged actions.

Pattern Jury Instructions, Third Circuit, § 6.18.666A1A-4.

## DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 20

## DETERMINING VALUE OF PROPERTY

The fifth and final element the government must prove beyond a reasonable doubt under Count 3 is that the value of the property knowingly converted was at least $5,000. The government is not required to prove the exact amount of money or the value of the property at issue, but the government must prove beyond a reasonable doubt that the value of the money or property was $5,000 or more.

The word "value" means face, par or market value, or cost price, either wholesale or retail, whichever is greater. "Market value" means the price a willing buyer would pay a willing seller at the time the property was stolen.

Property does not include salary, wages, fees, or other compensation paid or expenses paid or reimbursed in the ordinary course of business.

Derived from Pattern Jury Instructions, Third Circuit, § 6.18.666A1A-5.

<u>DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 21</u>

<u>SAFE HARBOR EXCEPTION</u>

Under the law, "property" as it relates to Count 3 does not include salary, wages, fees, or other compensation paid, or expenses paid or reimbursed, in the ordinary course of business.

This means that if you find that the money or property in question in Count 3 consisted of compensation—such as salary, wages, fees, or expense reimbursements—paid to the defendant or another person in the ordinary course of the regular business or operations of the Pike County Attorney's Office, then that money or property cannot be considered "property" obtained or misapplied in violation of the law.

18 U.S.C. § 666(c); *United States v. Harloff*, 815 F. Supp. 618, 619 (W.D.N.Y. 1993); *United States v. Mills,* 140 F.3d 630, 633 (6th Cir. 1998).

<u>DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 22</u>

<u>INTRODUCTION</u>

That concludes the part of my instructions explaining the elements of the crimes [and the defendant's position].  Next, I will explain some rules that you must use in considering some of the testimony and evidence.

<u>Pattern Jury Instructions, Sixth Circuit</u>, § 7.01 (2023).

<u>DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 23</u>

<u>DEFENDANT'S TESTIMONY</u>

You have heard the defendant testify.  Earlier, I talked to you about "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

<u>Pattern Jury Instructions, Sixth Circuit</u>, §7.02B (2023).

## DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 24

## DEFENDANT NOT TESTIFYING

A defendant has an absolute right not to testify [or present evidence]. The fact that he did not testify [or present any evidence] cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that he is innocent.

Pattern Jury Instructions, Sixth Circuit, §7.02A (2023).

## DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 25

### OPINION TESTIMONY

You have heard the testimony of _____, who testified as an opinion witness.

You do not have to accept _____'s opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

Pattern Jury Instructions, Sixth Circuit, §7.03 (2023).

DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 26

IMPEACHMENT BY PRIOR INCONSISTENT

STATEMENT NOT UNDER OATH

You have heard the testimony of _____.  You have also heard that before this trial he made a statement that may be different from his testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating his testimony here in court.

Pattern Jury Instructions, Sixth Circuit, §7.04 (2023).

## DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 27

## INTRODUCTION

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

Pattern Jury Instructions, Sixth Circuit, §8.01 (2023).

## DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 28
## EXPERIMENTS, RESEARCH AND INVESTIGATION

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media or application, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, Twitter, Instagram, WhatsApp, Snapchat or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and computers—and the news and social media apps on those devices—may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Pattern Jury Instructions, Sixth Circuit, §8.02 (2023).

## DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 29

## UNANIMOUS VERDICT

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find the defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you that the defendant is guilty beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

Pattern Jury Instructions, Sixth Circuit, §8.03.

## DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 30

## VERDICT LIMITED TO CHARGES

Remember that the defendant is only on trial for the particular crimes charged in the Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Pattern Jury Instructions, Sixth Circuit, §8.08 (2023).

DEFENDANT HALL'S PROPOSED JURY INSTRUCTION NO. 31

COURT HAS NO OPINION

Let me finish by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

Pattern Jury Instructions, Sixth Circuit, §8.09 (2023).