UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

UNITED STATES OF AMERICA

v.                                                             Criminal No. 3:25-cr-00005-GFVT-MAS

HOWARD KEITH HALL,

   *Defendant.*
_____

**DEFENDANT'S RESPONSE IN OPPOSITION TO
THE GOVERNMENT'S *DAUBERT* MOTION**
_____

Comes the defendant, Howard Keith Hall, by counsel, and files this response in opposition to the government's *Daubert* motion.

INTRODUCTION

The Court should deny the government's *Daubert* motion to exclude testimony of defense witness Harold Mac Johns. As detailed below, the disclosure provided by defense counsel was timely submitted and all anticipated testimony is properly based on Mr. Johns' extensive background and professional experience, including his long history serving as a county attorney; his service on the Prosecutors Advisory Council; his tenure as President of the Kentucky County Attorneys Association; his experience with managing the Child Support Enforcement programs; and his service on the Board of Directors of the Kentucky County Attorneys Association.

Mr. Johns' anticipated testimony concerns his knowledge of the operation of County Attorneys' offices based on his time serving as a County Attorney, including—but not limited to—the responsibilities of County Attorneys and Assistant County Attorneys, and the statutory

framework that governs those responsibilities. It is also anticipated that Mr. Johns will testify as to his experience and knowledge regarding how County Attorneys and Assistant County Attorneys often maintain private law practices, and the statutory authority that allows that to happen, and generally how County Attorneys and their Assistants *may* engage in and do commonly engage in a private practice relationship.

It is also anticipated that, due to his tenure on the Prosecutors Advisory Council ("PAC"), Mr. Johns will also assist the jury in understanding the various sources of funding for County Attorneys' offices through the PAC and other sources, the purpose and function of the payroll certification forms, general practices concerning "timesheets," and, based on Mr. Johns' experience as both a County Attorney and a member of the PAC, the expectations for part-time positions under the Unified Prosecutorial System.

Accordingly, Mr. Johns' testimony will provide the jury with critical context about how County Attorneys' offices actually function—context that will aid in evaluating the allegations against Judge Hall.

## APPLICABLE LAW

The rules regarding expert and lay opinion testimony are found in Federal Rules of Evidence 701, 702, and 704. Rule 701 provides that

> [i]f a witness is *not* testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception, (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701 (emphasis added). In 2000, the drafters amended Rule 701 to foreclose lay witness testimony "based on scientific, technical, or other specialized knowledge," testimony more appropriate for an expert to provide. In amending the rule, the drafters intended to preclude a party from evading "the reliability requirements set forth in Rule 702 . . . through the simple expedient

2

of proffering an expert in lay witness clothing" and to "ensure[] that a party will not evade the expert witness disclosure requirements set forth in . . . Fed. R. Crim. P. 16 by simply calling an expert witness in the guise of a layperson." Fed. R. Evid. 701 advisory committee's note (2000).

> Rule 702 governs expert testimony and provides that
>
> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. Generally, expert witnesses may opine on ultimate issues, except in criminal cases where "an expert witness must not state an opinion about whether the defendant did or did not have a *mental state or condition* that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704 (emphasis added).

A proponent of the evidence must simply demonstrate that the evidence meets admissibility requirements by a preponderance of the evidence. Fed. R. Evid. 702 advisory committee's note (2023); *see Bourjaily v. United States*, 483 U.S. 171, 175 (1987). "Rule 702 requires that the expert's knowledge 'help' the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702 advisory committee's note (2023).

Rule 16(b)(1)(C) sets forth the disclosure requirements applicable to expert witnesses once certain procedural prerequisites are met. The timing of the disclosure is determined by the court, by order or local rule, and must be "sufficiently before trial to provide a fair opportunity for the government to meet the defendant's evidence." *Id.* However, "[j]ust because [a witness]'s position and experience *could* have qualified him for expert witness status does not mean that any testimony he gives at trial is considered 'expert testimony.'" *United States v. LeCroy*, 441 F.3d

3

914, 927 (11th Cir. 2006). If a witness who *could* be an expert nevertheless offers only "layperson observations" and does "not provide expert testimony under Rule 702," then "no Rule 16 notice [is] required." *Id.*

ARGUMENT

The testimony that Mr. Johns will offer will be predominantly fact testimony, covering information that he is aware of through his experience as a County Attorney and a member of the PAC. This testimony does not require scientific or technical knowledge, nor does it require specialized skill or expertise. Out of an abundance of caution, however, defense counsel provided a disclosure under Rule 702.

The government frequently provides similar disclosures in complex fraud cases—for instance, when calling employees of federal Medicare or state Medicaid agencies to explain how billing systems and reimbursement programs operate. These witnesses are not "experts" in the formal *Daubert* sense, but they provide factual explanations based on institutional knowledge that help juries understand context. The same principle applies here.

Like those administrative witnesses that often testify for the government, Mr. Johns will provide similar testimony concerning the way County Attorneys' offices operate and how they are funded (similar to how a witness testifying concerning Medicaid might describe the Medicaid program and its funding); the responsibilities of the office and of Assistant County Attorneys (*e.g.*, the criteria that health care providers are required to meet); the statutory underpinnings for that understanding (*e.g.*, descriptions of state regulations that direct health care providers on how to maintain records for Medicaid members and bill for services); and similar testimony.

Further, it is not anticipated that Mr. Johns will provide many "opinions" at all—and certainly no opinions concerning "whether [Judge Hall] did or did not have a *mental state or*

4

*condition* that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704 (emphasis added); *see e.g.*, *United States v. Chalker*, 966 F.3d 1177, 1192 (11th Cir. 2020) (held that no expert disclosure was necessary under Rule 16 where the witness provided the jury with a summary of the defendant's bank and wage records, but did not opine on them). Accordingly, Mr. Johns' testimony is appropriate under both Rule 701 and Rule 702 and should not be excluded.

I.     LAY TESTIMONY

Rule 701 was amended in 2000 to help distinguish lay witness testimony from expert testimony by incorporating distinctions set forth by the Tennessee Supreme Court in *State v. Brown*, 836 S.W.2d 530, 549 (Tenn. 1992). *Brown* clarified that lay testimony "results from a process of reasoning familiar in everyday life," whereas "an expert's testimony results from a process of reasoning which can be mastered *only by specialists in the field*." *Brown*, 836 S.W.2d at 549 (emphasis added). Thus, a lay witness could testify that "a footprint in snow looked like someone had slipped, or that a substance appeared to be blood." *Id.* at 550 (internal citations omitted). A lay witness could not provide opinions, however, that "call[] for specialized skill or expertise," such as a paramedic's testimony that skull trauma caused the bruises on a victim's face. *Id.* at 550.

There are some examples of attorney witnesses providing testimony determined to be lay testimony to help the jury in understanding particular issues in a case. For example, in *United States v. Farrell*, the district court determined that lawyer-witnesses were able to give lay testimony in the form of fact testimony predicated on their legal experience. 921 F.3d 116 (4th Cir.). The *Farrell* Court noted that "the 'guiding principle' in distinguishing lay from expert opinion is that lay testimony must 'be based on personal knowledge.'" *Farrell*, 921 F.3d at 143 (*quoting United States v. Johnson*, 617 F.3d 286, 293 (4th Cir. 2010)). Therefore, lawyer-witnesses could provide

5

lay testimony regarding advice the lawyer generally gave to criminal clients in his law practice; and separately, the lawyer's opinion on ethical concerns regarding an attorney communicating with a represented party or witness in the absence of counsel. The *Farrell* Court further determined that lawyers may give lay opinion testimony regarding federal law and ethics rules based on their personal knowledge and experience. It's the same with Mr. Johns' expected testimony.

In other contexts, courts have decided that business owners, officers, and employees may permissibly testify under Rule 701 because of their "particularized knowledge" acquired over years working with the business. *United States v. White*, 492 F.3d 380, 403 (6th Cir. 2007) (internal citation omitted). Mr. Johns has "particularized knowledge" from his years of experience as a County Attorney and a member of the PAC that allow him to testify pursuant to his disclosure.

For these reasons, no Rule 16 expert disclosure was required, and the government's objection on that basis should be denied.

II. EXPERT TESTIMONY

Even if Mr. Johns were to provide *some* testimony that can be considered expert testimony, the Federal Rules of Evidence distinguish between lay and expert *testimony*—not witnesses. *See* Fed. R. Evid. 701; *id.* at advisory committee's notes (2000); Fed. R. Evid. 702. "One witness may properly offer lay testimony and, at the same time, may be precluded from putting forth expert testimony." *White*, 492 F.3d at 403. Because nearly all of Mr. Johns' testimony will be factual, it would be improper to exclude him entirely. Moreover, as the advisory committee notes emphasize, "the rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 advisory committee's note (2000).

A. Applicability under *Daubert*

Rigidly applying *Daubert*, a case about scientific expertise, makes little sense in this context. *United States v. Gowder*, 841 F. App'x 770, 781 (6th Cir. 2020). Though district courts "may consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine" an expert's reliability, "*Daubert's* list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Id.* (*quoting Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999)). The trial court has "broad latitude" to determine whether *Daubert's* specific factors are, or are not, reasonable measures of reliability in a particular case. *United States v. Tarwater*, 308 F.3d 494, 513 (6th Cir. 2002) (*quoting Kumho*, 526 U.S. at 153).

Expert witnesses may rely upon their own experiences and "specialized knowledge," so long as the witness "explain[s] how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee's notes (2000); *see also United States v. Cunningham*, 679 F.3d 355, 378-79 (6th Cir. 2012) (explaining that the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience). Whether evaluating a scientific expert or an experiential expert, a court "must examine the expert witness's testimony for reliability and relevance." *United States v. Martinez*, 588 F.3d 301, 323 (6th Cir. 2009); *see also In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528-29 (6th Cir. 2008). Further, "[t]he relevancy bar is low, demanding only that the evidence 'logically advances a material aspect of the proposing party's case.'" *United States v. Miller*, No. 23-5485, 2024 U.S. App. LEXIS 20520, at *25 (6th Cir. Aug. 12, 2024) (internal quotations omitted).

As noted, Mr. Johns has extensive experience in areas that are intimately related to the present case. He became licensed to practice law in 1982 and shortly thereafter began his tenure

7

as County Attorney in Todd County. He held that position for 28 years while simultaneously maintaining a private law practice. He also served as a member of the Prosecutors Advisory Council while he was County Attorney. Despite decades of experience in these areas, the government is purportedly concerned whether Mr. Johns "performed his duties as county attorney and private attorney lawfully or consistent with PAC guidance and regulations" and uses that as a reason to exclude his testimony. (Dkt. # 45, Page ID # 523). This is less-so a justification for excluding Mr. Johns' testimony, and more a question of the *weight* of the evidence—an issue up to the jury to decide. *See Consumers Energy Co. v. Toshiba Am. Energy Sys. Corp.*, No. 22-10847, 2025 U.S. Dist. LEXIS 190840, at \*7 (E.D. Mich. Sep. 26, 2025). Any of these purported concerns may be addressed on cross-examination by the government. *Id.* ("Rather than exclusion, '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking…admissible evidence.'").

  B. Province of Court and Jury

  The government also expresses concern that the testimony that Mr. Johns intends to provide will invade the province of the court and the jury. (Dkt. # 45, Page ID # 526). While an expert witness may not "define legal terms," *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994), and may not provide the jury with legal conclusions, *United States v. Dukes*, 779 F. App'x 332, 335 (6th Cir. 2019), that is not what Mr. Johns intends to do. *See, e.g.*, *Berry*, 25 F.3d at 1353 (holding that an expert witness improperly stated a legal conclusion when he testified that a police department's "failure to direct and discipline and train their officers not to use improper deadly force constitut[ed] a pattern of gross negligence [and/or] deliberate indifference"); *Appalachian Regional Healthcare, Inc. v. U.S. Nursing Corp.*, No. 7:14-cv-122-KKC, 2018 WL 2182295 at \*1

(E.D. Ky. May 9, 2018) (holding that an opinion that the defendant did not breach its duty was a legal conclusion and should be excluded).

Even so, Sixth Circuit case law recognizes that expert testimony as to legal conclusions may be appropriate in certain limited circumstances. *See Berry*, 25 F.3d at 1353 (implicitly recognizing the admissibility of expert testimony where an expert's credentials demonstrated that he had specific expertise on a relevant issue); *Champion v. Outlook Nashville, Inc*., 380 F.3d 893, 908 (6th Cir. 2004) (allowing expert to testify on a discrete area in which he had specialized knowledge); *United States v. Monus*, 128 F.3d 376 (6th Cir. 1997) (expert could testify as to whether defendant would be liable for taxes according to the circumstances alleged by the government); *United States v. DeClue*, 899 F.2d 1465, 1473 (6th Cir. 1990) (allowing witness testimony where she "did not give her opinion about whether appellant was guilty or not; she gave her opinion regarding whether tax was due and owing for the years in question in order to assist the jury in determining a fact in issue"). Thus, an expert witness "may opine on a legal conclusion so long as his testimony would not determine an ultimate issue before the jury." *United States v. Geiger*, 303 F. App'x 327, 330-31 (6th Cir. 2008).

Mr. Johns' understanding of common practices and procedures necessarily comes, in part, from his knowledge of Kentucky statutes which govern the way that county attorneys and assistant county attorneys may hold those positions in conjunction with private practice, understandings of what their statutory duties are, and, in general, the functioning of the office of county attorney. Further, the testimony that Mr. Johns would provide as to KRS § 69.300 does not touch on the elements of the charges in the Indictment. Explaining that Mr. Johns' understanding and experience was informed and governed by this statute (or other statutes that govern county attorneys or their

9

assistants), and his knowledge of them, does not constitute opining on an ultimate issue in the case and, therefore, does not invade the province of the Court or the jury.

      C.   Timeliness and Adequacy of Disclosure

The government also asserts that the disclosure was untimely and inadequate. Both claims are unfounded. The defense provided the disclosure on October 14, nearly four full weeks before the government begins its case-in-chief. By contrast, the government, as of this filing, has yet to produce its "summary charts" less than a week before it begins its case-in-chief—and the government will certainly contend that those summaries do not involve "expert" proof. Moreover, the disclosure outlines Mr. Johns' anticipated testimony and qualifications in compliance with Rule 16(b)(1)(C). Any remaining concerns can be resolved through cross-examination, not exclusion.

## CONCLUSION

WHEREFORE, the defendant, Howard Keith Hall, respectfully requests that the Court deny the government's *Daubert* motion and permit the testimony of the defendant's witness, Harold Mac Johns.

Respectfully submitted,

TRUE GUARNIERI AYER, LLP

  /s/ J. Guthrie True
J. Guthrie True
M. Abigail Schueler
124 West Clinton Street
Frankfort, KY 40601
Telephone: (502) 605-9900
Facsimile: (502) 605-9901
E-mail: gtrue@truelawky.com

Counsel for Defendant

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing has been served on all counsel of record this 4th day of November, 2025, by filing a copy of the same with the Electronic Court Filing System of the United States District Court for the Eastern District of Kentucky.

                                          /s/ J. Guthrie True  
                                          Counsel for Defendant