UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:25-cr-00005-GFVT-MAS |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| HOWARD KEITH HALL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on the United States' Motion *in Limine* to Admit Certified Business Records Under Fed. R. Evid. 803(6), 901, and 902(11). [R. 54.] The issue is whether to admit the records under the Federal Rules of Evidence.

"The Court must decide any preliminary question about where… evidence is admissible." Fed. R. Evid. 104(a). "In so deciding, the court is not bound by evidence rules, except those on privilege." *Id.* The Federal Rules of Evidence define hearsay as a "statement that the declarant does not make while testifying at the current trial or hearing; and a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). The Rules also provide a list of exceptions to the ban on hearsay. One such exception exists for "Records of a Regularly Conducted Activity," which permits the admission of certain documents "made at or near the time by… someone with knowledge" who kept the business record "in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit." Fed. R. Evid. 803(6). The proponent of the evidence may show these conditions by providing a "certification that complies with Rule 902(11) or (12) or with a statute permitting certification." *Id.*

Here, the United States provided a list of fifteen such records accompanied by Rule 902(11) certifications.  [R. 54; R. 54-2.]  These certified records do not indicate a lack of trustworthiness, and the Defendant has not made any filing opposing the admission of these records.  Thus, they satisfy Rule 803(6) for the purposes of admissibility as certified business records.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant's motion **[R. 54]** is **GRANTED**.

This the 4th day of November, 2025.

Gregory F. Van Tatenhove
United States District Judge